# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BRIDGER TANKER, LLC, a Montana limited liability company,<br><br>              Plaintiff,<br>v.<br><br>10 TANKER AIR CARRIER, LLC, a Nevada limited liability company, 10 TANKER AIR CARRIER HOLDINGS, LLC, a Nevada limited liability company, BC AIRCRAFT LEASING HOLDINGS, LLC, a Nevada limited liability company, 10 TANKER-STC HOLDINGS, LLC, a Nevada limited liability company,<br><br>              Defendants. | Case No. 2:23-cv-00025-JTJ<br><br>**STIPULATED PROTECTIVE ORDER** |

Prior to the filing of the Complaint in the above-captioned matter, the parties in this case executed a Confidentiality Agreement dated January 21, 2022 (the "NDA"). The NDA prohibits the parties from disclosing some information related to the allegations underlying Plaintiff's Complaint. The NDA is attached as Exhibit A. Section 1.1 of the NDA defines "Confidential Information" to mean:

> all information relating to all aerial firefighting development, engineering, manufacturing, operations, maintenance, joint marketing and ownership, whether written or oral, that may be disclosed or made available by the Protected Party to the Receiving Party including but not limited to:
>
> > a. Financial, commercial, technical or other information which relates to the business, financial affairs, methods of operation, accounts,

      transactions or products, proposed transactions or proposed products, security procedures, internal controls, computer or data processing programs, personnel, intellectual property, specifications, drawings, designs, know-how, techniques, policies, procedures or systems of the Protected Party, its customers and its vendors;

      b. Information or data which is confidential or proprietary to a third party and which is in the possession, custody or control of a Protected Party; and

      c. All data, notes, summaries or other material derived from the information specified in (a) and (b) above.

The discovery sought in the above-styled case will likely involve the production or provision of documents, information, and/or testimony that contains Confidential Information, as defined in the NDA.

    Accordingly, the parties, having agreed to enter this Stipulated Protective Order ("the Order") to govern the production or provision of documents, information, and/or testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

## DESIGNATION OF CONFIDENTIAL INFORMATION

    1.    *Designation of Material*.  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential Pursuant to Protective Order" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material.  When producing native copies of files, a

slip sheet designating the native file as Confidential, or the inclusion of "Confidential Pursuant to Protective Order" in the file name may be used to designate a native file as Confidential. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation*. Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential Pursuant to Protective Order" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions*. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential

Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. *Modification of Designation*. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

 a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

 b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. Such a discovery motion must comply with the Court's Scheduling Order and Local Rule 26.3(c). The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## ACCESS TO CONFIDENTIAL INFORMATION

5. *General Access*. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

 a) To counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation).

 b) To the parties after they have been given a copy of this Stipulated Protective Order.

 c) The Court and Court personnel.

    d) To court reporters transcribing a deposition, hearing, or other proceeding in this matter that is marked Confidential in whole or in part.

    e) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit B attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6.    *No Copies/Notes*.  Except for internal use by counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7.    *Disputes over Access*.  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

//

//

## USE OF CONFIDENTIAL INFORMATION

8. *Use in this Litigation Only*.  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein or as expressly provided in the NDA (*see* Exhibit A).

9. *Use at Depositions*.  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. *Use at Court Hearings and Trial*.  Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

11. *Filing Under Seal*.  Given the scope and nature of the claims in this case, the parties agree that, notwithstanding Local Rule 26.4(b)(2), the parties may

file designated Confidential Information subject to this Order in a redacted form or under seal pursuant to Local Rule 5.2 in anticipation that the Court will grant leave to redact or file under seal. A party need not await ruling on a motion for leave to redact before filing designated Confidential Information subject to this Confidentiality Order in a redacted form. If the confidentiality of the designated Confidential Information sought to be filed in a redacted form or under seal has not been objected to pursuant to Paragraph 4(b), a party will not oppose a motion for leave to redact and parties need not communicate regarding opposition to such motions for leave to redact as may otherwise be required under Local Rule 7.1(c)(1). If the confidentiality of the designated Confidential Information sought to be filed in a redacted form has been objected to pursuant to Paragraph 4(b), the party seeking leave to redact will communicate with the opposing party concerning the motion for leave to redact in accordance with Local Rule 7.1.

12. *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting

the other party's Confidential Information, or provide written notice that such materials have been destroyed, except that the receiving party's counsel may confidentially retain a copy of materials pursuant to the counsel's document retention policy.

## OTHER PROVISIONS

14.     *Subpoenas and Third Parties*: For the purposes of this Order, third parties producing documents pursuant to subpoenas under Rule 45 of the Federal Rules of Civil Procedure shall have the same rights as parties to designate documents as confidential, in which case the protections and procedures set forth herein shall similarly apply to them.

15.     *Not an Admission*.  Nothing in this Order shall constitute an admission by the party that information designated as Confidential is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

16.     *Miscellaneous*.  This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.  This

Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

17. *Modification*. Any party may move to modify this Order for good cause.

Plaintiff and Defendants, through counsel, stipulate and consent to the entry of this Protective Order.

DATED this 18th day of October, 2023.

_____
John Johnston
United States Magistrate Judge

# EXHIBIT A

**Confidentiality Agreement**

The following Confidentiality Agreement is made and entered into as of January 21, 2022, by and between 10 Tanker Air Carrier, LLC, a Nevada limited liability company, 10 Tanker STC, LLC, a Nevada limited liability company, and BC Leasing, a Nevada limited liability company each having its mailing address at 2503-A Clark Carr Loop SE, Albuquerque, NM. 87106 (collectively, "10 Tanker") and Bridger Aerospace Group, LLC having its principal address at 90 Aviation Lane, Belgrade, MT 59714 (collectively "the Parties").

This is a mutual confidentiality agreement protecting each of the Parties above. The Party disclosing its Confidential Information (as the term is later defined) is the "Protected Party" and the Party receiving such information is the "Receiving Party."

Now, therefore, in consideration of the mutual agreements contained herein, the Parties hereby agree as follows:

**1. Definition of Confidential Information**

1.1 The term "Confidential Information" shall mean all information relating to all aerial firefighting development, engineering, manufacturing, operations, maintenance, joint marketing and ownership, whether written or oral, that may be disclosed or made available by the Protected Party to the Receiving Party including but not limited to:

    a.    Financial, commercial, technical or other information which relates to the business, financial affairs, methods of operation, accounts, transactions or products, proposed transactions or proposed products, security procedures, internal controls, computer or data processing programs, personnel, intellectual property, specifications, drawings, designs, know-how, techniques, policies, procedures or systems of the Protected Party, its customers and its vendors;

    b.    Information or data which is confidential or proprietary to a third party and which is in the possession, custody or control of a Protected Party; and

    c.    All data, notes, summaries or other material derived from the information specified in (a) and (b) above.

1.2 Notwithstanding the foregoing, "Confidential Information" shall not include any information that:

    a.    Becomes generally available to the public other than as a result of a disclosure by the Receiving Party;

    b.    Was available to the Receiving Party on a non-confidential basis prior to the disclosure;

    c.    Becomes available to the Receiving Party on a non-confidential basis from a source other than the Protected Party or its agents, advisors, or representatives which such source is entitled, to the best of the Receiving Party's knowledge, to make the disclosure; or

    d.    Is independently developed by employees of the Receiving Party without reference to or use of such Confidential Information.

**2. Confidentiality**

2.1 Each Party agrees:

    a.    That all Confidential Information shall remain a trade secret and the sole property of the Protected Party;

    b.    To keep in strict confidence all Confidential Information and not disclose or allow the disclosure of any Confidential Information to any third party;

    c.    Not to publish, disclose or allow disclosure to others of any Confidential Information, in whole or in part, or in the fact that the Confidential Information has been made available to the Receiving party, or that the Parties have entered into an arrangement regarding the subject matter hereof;

    d.    To restrict internal access to the Confidential Information to those of the Receiving Party's employees and contractors with a "need to know" who have either agreed in writing to be bound by a corporate non-disclosure policy established that encompasses protection of Confidential Information to the same extent as set forth in this Agreement or have executed a non-disclosure agreement reasonably designed to maintain the Protected Party's proprietary rights and to protection of the Confidential Information to the same extent as set forth in this Agreement;

    e.    That the Protected Party shall have the right to such injunctive or other equitable relief from a court of competent jurisdiction as may be necessary or appropriate to prevent any use or disclosure of Confidential Information in any manner which has not been authorized by the Protected Party and to such damages as are occasioned by such improper use or disclosure; and

    f.    That, except as otherwise provided in any other agreement between the Parties, upon request by a Party at any time, the other Party shall promptly return all Confidential Information in tangible form then in its possession or under its control, and expunge from its systems and records all Confidential Information in any other form.

2.2 If Receiving Party is requested or required (by deposition, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose any Confidential Information, the Receiving Party shall provide the Protected Party with prompt notice of such request(s), so that the Protected Party may seek an appropriate protective order.

**3. General Provisions**

3.1 The obligations imposed by paragraph 2.1 shall continue for the longer of five years from date of this Agreement or five years from the date of last disclosure of any Confidential Information.

3.2 In the event any of the terms and conditions of this Agreement shall be held to be illegal or unenforceable, the validity of the remaining provisions shall not be affected.

3.3 This Agreement constitutes the entire confidentiality agreement and understanding between the Parties and supersedes any and all prior agreements and understandings, oral or written, relating to the subject matter hereof.

3.4 Except as otherwise specified herein, any notice or other communication is to be addressed as set forth below or to such other address as may be specified by the Parties in writing. Unless otherwise specified herein, notices shall be effective when received.

3.5 This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, their parents and/or subsidiaries and their respective successors and assigns; provided, however, that neither Party shall assign this Agreement or any other duty, obligation, interest or right hereunder without the prior written consent of the other Party.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed by their respective authorized representatives as of the day and year above written.

**10 Tanker Air Carrier, LLC,**

**10 Tanker STC, LLC, & BC Leasing LLC**

By: _____

Its: _____Chairman_____

**Bridger Aerospace Group, LLC**

By: _____

Its:     Chief Executive Officer

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BRIDGER TANKER, LLC, a Montana limited liability company,<br><br>                Plaintiff,<br>  v.<br><br>10 TANKER AIR CARRIER, LLC, a Nevada limited liability company, 10 TANKER AIR CARRIER HOLDINGS, LLC, a Nevada limited liability company, BC AIRCRAFT LEASING HOLDINGS, LLC, a Nevada limited liability company, 10 TANKER-STC HOLDINGS, LLC, a Nevada limited liability company,<br><br>              Defendants. | Case No. 2:23-cv-00025-JTJ<br><br>**EXHIBIT B TO THE STIPULATED PROTECTIVE ORDER** |

    I, _____, have been provided with access to documents, information, and/or things related to the above-captioned case containing business, competitive, proprietary, trade secret or other information of a sensitive, private, and confidential nature, hereafter referred to as "Confidential Information." I have read and understand the Stipulated Protective Order entered in the above-captioned case and agree to not disclose any Confidential Information in accordance with the Stipulated Protective Order.

_____                                      _____
Signature                                                                                     Date

_____
Printed Name